**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | : | |
| JOSEPH ARUANNO, | : | Civil No. 09-5652 (WJM) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| OFFICER CALDWELL, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

> JOSEPH ARUANNO, #363
> Special Treatment Unit- Annex
> P.O. Box #CN905
> Avenel, NJ 07001

**MARTINI**, District Judge:

Joseph Aruanno, who is civilly committed under the New Jersey Sexually Violent

Predator Act, seeks to bring this action in forma pauperis without prepayment of fees pursuant to

28 U.S.C. § 1915.  Based on his affidavit of poverty, this Court will grant Plaintiff's application

to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the

filing fee.  See 28 U.S.C. § 1915(a).  Having thoroughly reviewed Plaintiff's allegations, this

Court will dismiss the Complaint for failure to state a claim upon which relief may be granted,

without prejudice to the filing of an amended complaint stating a cognizable claim under 42

U.S.C. § 1983.

## I.  BACKGROUND

Plaintiff brings this action against Officer Caldwell, Merrill Main, George Hayman, Jennifer Velez, and 20 John and Jane Does.   Plaintiff asserts the following in the section of the form complaint instructing him to state the facts of his case:

> Despite numerous federal cases such as #01-789; #04-3066; #07-1212; #08-305; etc; the defendants have been permitted to continue to engage in such brutal and sadistic retaliation with impunity without any concern for requested injunctive relief in these cases, though counsel has made many promises to obtain the restraining orders we request but has been one big lie, where on 9-17-09 defendant Caldwell entered my cell and attacked me for "snitching" as he called my litigation.

> And which includes having hearings recently in front of Superior Court Judges John Kennedy and Philip Freedman about issue in #08-305 where after the concern of violence was raised the defendants were warned that, "the hearings are confidential, etc.," but despite that the defendants immediately retaliated again[st] plaintiff, other residents and staff members who also testified about the crimes being committed here.

> And which is to the degree of being condoned by all involved in the cases listed above in the federal courts since they had been made aware of this problem over eight years ago and refuse to act, or comply, making them failed cases and which has le[]d to all cases after #01-789.

> As to Dr. Merrill Main he placed me on M.A.P. penalty status before any hearings or the ability to contact any lawyers.  And before a finding of guilt by a jury since "false" criminal complaints were submitted against me to the prosecutor.

> And which includes being locked in solitary confinement without sending or receiving mail; withholding my typewriter also to obstruct legal access here; throwing legal documents and mail in the trash; denying any medical attention or even a shower; continued threats to my life; continued denial of access to courts, lawyers, etc., which complies with due process of being adequate; have stated I must confess in writing before violations stop;

2

etc....All in violation of the 4th, 5th, 6th, 8th, 14th, amendments of
the U.S. Constitution.

(Docket entry #1 at p. 7.)[1]

Plaintiff further asserts that Caldwell, a Department of Corrections Officer at the

Northern Regional Unit, violated his rights when "On 9-17-09 Officer Caldwell entered my cell

for the purpose of attacking me which resulted in serious injury.  All in retaliation for my

litigation, or "snitching" as he called it."  (Docket entry #1 at p. 4.)  Plaintiff alleges that Main

violated his constitutional rights as follows:  "Despite having been warned about abuse and

threats Merrill Main allows them to continue [and] placed me on penalty status before

investigation is complete, without my typewriter which only serves to obstruct justice, which

results in due process violations, etc...."  (Id. at p. 5.)

Plaintiff seeks the following relief:

Before defendants finally do kill me as they state, before they are
able to attack me one more time, I ask that the District Court
finally act here and order some form of protection including a
temporary restraining order or whatever the court feels is best.
And which includes restoring legal access such as typewriter; mail;
etc....Also, $10,000,000.00 in punitive damages.

(Docket entry #1 at p. 8.)

---

[1] This Court's docket shows that on March 29, 2010, in Alves v. Ferguson, Civil No. 01-
0789 (DMC) opinion (D.N.J. Mar. 29, 2010), a civil action concerning the conditions of
confinement, Judge Cavanaugh denied the motion for injunctive relief filed by at least 28 civilly
committed sexually violent predators who sought to enjoin the State from transferring them from
the Special Treatment Unit in Hudson County to another facility.  The other three cases to which
Plaintiff refers are closed.  Bagarozy v. Harris, Civil No. 04-3066 (JAP), and Hasher v. Corzine,
07-1212 (DMC),  were consolidated with Civil No. 01-0789 and closed on January 4, 2008, and
January 13, 2009, respectively.  On April 23, 2010, Judge Linares dismissed the complaint in
Aruanno v. Booker, Civ. No. 08-0305 (JLL) opinion (D.N.J. Apr. 23, 2010), due to Mr.
Aruanno's refusal to comply with discovery.

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ."  Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

4

This pleading standard was further refined by the Supreme Court in its recent decision

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than
> an unadorned ["]the-defendant-unlawfully-harmed-me["]
> accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the
> elements of a cause of action will not do." [Id.] at 555.
> [Moreover,] the plausibility standard . . . asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Id. [Indeed, even
> w]here a complaint pleads facts that are "merely consistent with" a
> defendant's liability, [the so-alleging complaint still] "stops short of
> [showing] plausibility of 'entitlement to relief.'"  Id. at 557
> (brackets omitted).  [A fortiori,] the tenet that a court must accept
> as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions [or to t]hreadbare recitals of the
> elements of a cause of action, supported by mere conclusory
> statements [, i.e., by] legal conclusion[s] couched as a factual
> allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement
> [or] that [defendants] adopted a policy "'because of,' not merely 'in
> spite of,' its adverse effects upon an identifiable group." . . . . [W]e
> do not reject these bald allegations on the ground that they are
> unrealistic or nonsensical. . . .  It is the conclusory nature of [these]
> allegations . . . that disentitles them to the presumption of truth. . . .
> [Finally,] the question [of sufficiency of] pleadings does not turn
> [on] the discovery process.  Twombly, 550 U.S. at 559 . . . . [The
> plaintiff] is not entitled to discovery [where the complaint asserts
> some wrongs] "generally," [i.e., as] a conclusory allegation [since]
> Rule 8 does not [allow] pleading the bare elements of [the] cause
> of action [and] affix[ing] the label "general allegation" [in hope of
> developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no

set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was

---

[2]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at

(continued...)

applied to federal complaints before <u>Twombly</u>.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).  Since <u>Iqbal</u>, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [<u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in <u>Iqbal</u>.]  In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show*[*n*]*'-'that the pleader is entitled to relief*.'"  <u>Iqbal</u>, [129 S. Ct. at 1949-50 (emphasis supplied)].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

<u>Fowler</u>, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of the plaintiff, even after <u>Iqbal</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[2](...continued)
45-46.

### III.  DISCUSSION

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; <u>see also</u> 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Plaintiff, a civilly committed sexually violent predator, brings this Complaint under § 1983 against Officer Caldwell, Dr. Merrill Main, then Department of Corrections Commissioner George Hayman, then Department of Human Services Commissioner Jennifer Velez, and several John and Jane Does.  Aside from listing Hayman and Velez in the caption, nowhere in Plaintiff's submissions does Plaintiff even mention these defendants by name or show how they were involved in any allegedly unconstitutional conduct.  Instead, using the passive voice, Plaintiff

7

makes conclusory statements about being "attacked (without describing what force was used, or providing any factual allegations or context)," being the subject of "brutal and sadistic retaliation" (without any factual elaboration), and "being locked in solitary confinement" (for an unspecified period of time).[3]   However, these "bare assertions . . . amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim, [and a]s such [are] not entitled to be assumed true." Iqbal, 129 S. Ct. at 1951 (citations and internal quotation marks omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.  Because the Complaint makes no non-conclusory factual allegations regarding Hayman and Velez, and vicarious liability does not apply under § 1983, this Court will dismiss the claims against Hayman and Velez for failure to state a claim upon which relief may be granted.

Although the body of the Complaint mentions Officer Caldwell and Dr. Merrill Main by name, the additional factual assertions against these defendants are conclusory or too cryptic to "nudge" Plaintiff's claims of retaliation and denial of access to courts "across the line from conceivable to plausible," as required by the Iqbal standard.  Iqbal, 129 S. Ct. at 1951.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . .  Nor does a

---

[3] To state a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must assert facts showing that ""1) the conduct in which he was engaged was constitutionally protected; 2) he suffered 'adverse action' at the hands of . . . officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to [take adverse action]." Carter v. McGrady, 292 F. 3d 152, 158 (3d Cir. 2002) (citation omitted).

complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).

In this Complaint, Plaintiff alleges that Dr. Main placed him in solitary confinement (for an unspecified period of time), where Plaintiff had no access to mail, a typewriter, or a shower. Plaintiff further asserts that, "despite having been warned about abuse and threats Merrill Main allows them to continue." (Docket entry #1 at p. 5.) To establish deliberate indifference, a plaintiff must "show[] that the official was subjectively aware of the risk" and failed to reasonably respond. Farmer v. Brennan, 511 U.S. 825, 829 (1994). Placement of a civilly committed sexually violent predator in segregated confinement does not violate due process unless the deprivation of liberty is in some way extreme. See Deavers v. Santiago, 243 Fed. App'x 719, 721 (3d Cir. 2007) (applying Sandin v. Conner, 515 U.S. 472 (1995), to segregated confinement of civilly committed sexually violent predators). And to establish standing for an access to courts claim, plaintiffs must assert "(1) that they suffered an actual injury - that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)) (internal quotation marks omitted).

The allegations regarding Main are precisely the sort of pleading the Supreme Court disregarded in Iqbal. Iqbal pleaded that the named defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" Iqbal, 129 S. Ct. at 1951. The Court held that these "bare assertions . . .

9

amount to nothing more than a formulaic recitation of the elements of a constitutional

discrimination claim, [and a]s such, the allegations are conclusory and not entitled to be assumed

true." Iqbal, 129 S. Ct. at 1951 (citations and internal quotation marks omitted).  Because

Plaintiff's allegations that Main allowed unspecified "abuse" to continue and placed Plaintiff in

segregated confinement for an unspecified period of time are conclusory, these bare allegations

are not entitled to the assumption of truth and the Complaint fails to state a claim for relief under

§ 1983 against Dr. Main.

Plaintiff pleads that on September 17, 2009, defendant Caldwell "entered [his] cell and

attacked [him] for 'snitching' as he called [Plaintiff's] litigation," which resulted in "serious

injury."  (Docket entry #1 at pp. 4, 6.)  Plaintiff provides no elaboration.  Under Iqbal, the

unadorned allegations that Caldwell "attacked" Plaintiff and that this resulted in "serious injury"

are "no more than conclusions [which] are not entitled to the assumption of truth." Iqbal at 1950.

As Plaintiff makes no non-conclusory factual allegations regarding what Caldwell did or failed to

do that violated Plaintiff's rights under § 1983, the claim against Caldwell will be dismissed for

failure to state a claim upon which relief may be granted.

This Court is dismissing the claims against all named defendants for failure to state a

claim upon which relief may be granted.  However, because a court should not dismiss a

complaint with prejudice for failure to state a claim without granting leave to amend, unless it

finds bad faith, undue delay, prejudice or futility, and Plaintiff may be able to assert facts stating

a cognizable claim under 42 U.S.C. § 1983 against at least one named defendant, the dismissal of

the Complaint will be without prejudice to the filing of an amended complaint stating a

cognizable claim under § 1983 against at least one of the named defendants.  See Grayson v.

Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint.  The Court will enter an appropriate Order.

s/William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: May 6 , 2010

11