UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH ARUANNO,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**OFFICER CALDWELL,** *et al.*,<br><br>　　　　**Defendants.** | Civ. No. 2:14-5652 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　Plaintiff Joseph Aruanno moves *pro se* for reconsideration of this Court's denial of his "Motion to Reinstate/Reopen and/or Motion to Enforce/Compel" (hereinafter "Motion to Reopen"). This Court denied Plaintiff's motion, which was liberally construed as seeking a writ of execution to satisfy a judgment. For the reasons set forth below, Plaintiff's motion to reconsider is **DENIED.**

　　**I.　BACKGROUND**

　　On April 30, 2015, this Court entered a $5,000.00 default judgment in favor of Plaintiff and against Defendant, Officer Corey Caldwell, for use of excessive force in violation of 42 U.S.C. § 1983. On May 15, 2016, Plaintiff filed a motion seeking satisfaction of the judgment. On July 21, 2016, this Court denied Plaintiff's motion without prejudice because it failed to comply with the State of New Jersey's procedural requirements for requesting the issuance of a writ of execution. On July 28, 2016, Plaintiff timely filed the instant motion to reconsider.

　　Plaintiff argues that the Court erred in denying his Motion to Reopen because it failed to recognize that Plaintiff has no way of understanding the Court's order without access to counsel or, at a minimum, a law library. In particular, Plaintiff claims that he is unable to understand the meaning of the procedural requirements cited to in the Court's order: N.J.S.A. 2A:17-2 and N.J.R.C. 4:59-1, respectively. Plaintiff, therefore, is unable to comply with these requirements.

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare, U.S.*, 572 F.2d 976, 977 (3rd Cir. 1978). "This Court has also cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Id.*; *see also Gillon v. Ting*, No. 12-cv-7558, 2014 WL 1891371, at *2 (D.N.J. May 9, 2014) ("Rule 60(b) is a provision for extraordinary relief, which will be granted only upon a showing of exceptional circumstances.").

## III. DISCUSSION

Plaintiff has failed to demonstrate that reconsideration is warranted under Rule 60(b) because he has failed to show a mistake by the Court or "exceptional circumstances" necessary for the relief that he requests.

First, Plaintiff has not shown a mistake that warrants reconsideration pursuant to Rule 60(b)(1). Under a liberal construction of his pleading, Plaintiff apparently claims that the Court overlooked the conditions of his confinement that restrict him from having access to legal counsel or a law library when it denied his Motion to Reopen. The Court is familiar with Plaintiff and the nature of his confinement. On April 23, 2015, Plaintiff appeared before the Court via video conference at an evidentiary hearing that addressed his claims against Defendant. *See* Minutes of Proceeding, ECF No. 44. In addition, Plaintiff has written letters to and filed numerous motions with this Court since 2009. Indeed, Plaintiff stated as the basis for his Motion to Reopen: "I submit this in lieu of a more formal submission since I am *pro se*, and in light of the severe limitations placed on me by the Defendants <u>as you know in other litigation such as denying me access to a law library</u>, *etc*. . . ." Motion to Reinstate/Reopen at 1, ECF No. 52 (emphasis added). Accordingly, the Court did not overlook the conditions of Plaintiff's confinement when it denied his Motion to Reopen.

Second, Plaintiff has not shown "extraordinary circumstances" that require the relief he seeks under Rule 60(b)(6). To be clear, the Court is sensitive to his claims about restricted access to a law library and other legal resources to which he is entitled; however, Plaintiff has proven to be a successful *pro se* litigant in this case and others.[1] This Court previously denied Plaintiff's request for *pro bono* counsel, in part, because he "has

---

[1] A docket search using Plaintiff's name produced thirteen cases to which he is or was a named plaintiff.

2

demonstrated an ability to present his case." Order Denying Application for Pro Bono Counsel at 2, ECF No. 29. Subsequently, Plaintiff argued successfully for a default judgment, which this Court awarded. Default Judgment, ECF No. 45. Thus, despite the limitations imposed on him, Plaintiff has shown an ability to adequately follow the rules and procedures of this Court.

Finally, Plaintiff's main grievance about access to a law library and other legal resources should be addressed to the New Jersey Department of Corrections, not this Court. Plaintiff must follow the administrative procedure, namely by filing the requisite form in the Inmate Remedy System, requesting access to the legal resources he requires to file an appropriate writ of execution pursuant to New Jersey law.

### IV.    CONCLUSION

Plaintiff has failed to present any clear error of law or fact and has not shown that reconsideration is necessary to prevent manifest injustice. Accordingly, Plaintiff's motion for reconsideration is **DENIED**. An appropriate order follows.

*/s/ William J. Martini, U.S.D.J.*

**WILLIAM J. MARTINI, U.S.D.J.**

Date: October 11, 2016