UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH ARUANNO,

   Plaintiff,

v.

OFFICER CALDWELL,

   Defendant.

Civ. No. 2:14-5652 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

  Plaintiff Joseph Aruanno brings this action against former Corrections Officer Corey Caldwell for use of excessive force in violation of 42 U.S.C. § 1983. This matter comes before the Court on Defendant's motion to vacate the default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(4). For the reasons set forth below, Defendant's motion is **GRANTED.**

  **I. BACKGROUND**

  On April 30, 2015, this Court entered a $5,000.00 default judgment (the "Judgment") in favor of Plaintiff and against Defendant for use of excessive force. ECF No. 45. Defendant now moves the Court to vacate the Judgment, claiming that he was never served with Plaintiff's complaint. *See* Certification of M. Vomacka in Supp. of Mot. ("Vomacka Cert.") ¶¶ 4, 37–38, ECF No. 78-1; Certification of C. Caldwell in Supp. of Mot. ("Caldwell Cert.") ¶¶ 4–5, ECF No. 78-2. Defendant argues that the Judgement should be vacated because it is void as a matter of law. *See* Vomacka Cert. ¶¶ 37–38. Defendant further argues that good cause exists to vacate the Judgment under Rule 55(c) because Defendant immediately sought representation upon first learning of the matter in an effort to raise meritorious defenses thereto. *See id*. ¶¶ 39–49.

  Plaintiff opposes, arguing that Defendant's motion is barred because an error in the Clerk of Court's docketing system is properly construed as a clerical mistake under Rules 60(b)(1) and (c)(1), and such errors must be raised within one year of entry of a judgment or order. *See* Mem. of Law in Supp. of Opp'n to Def.'s Mot. ("Pl.'s Opp'n") 2–3, ECF No. 80. Plaintiff claims that "the United States Marshals submitted a signed USM-285 Form detailing that Defendant was served with [Plaintiff's] amended complaint on 12/12/2014 at 13:18 p.m." *Id*.

Defendant responds, arguing that a judgment is void when there has been no proper service and his motion, therefore, falls under Rule 60(b)(4). Furthermore, the one-year time limit does not apply to Rule 60(b)(4) and Defendant moved within a reasonable amount of time upon learning of the Judgment. *See* Reply Br. to Opp'n to Mot. ("Def.'s Reply") 2–3, ECF No. 81. Defendant further argues that the record supports his position because the returned summons fails to indicate that he was served. *See id*. at 5–6.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief." Rule 60(c)(1) provides: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding."

"The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare, U.S.*, 572 F.2d 976, 977 (3rd Cir. 1978). "This Court has also cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Id*. Nonetheless, "[a]ny doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on their merits." *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951). "Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments." *Id*.

## III. DISCUSSION

As a preliminary matter, the Court notes that the instant case was stayed pursuant to the Court's order issued on September 28, 2017, pending the outcome of Defendant's bankruptcy proceeding. *See* ECF No. 72. The Judgment, however, necessarily impacts Defendant's bankruptcy proceeding because Plaintiff is a creditor thereto. The Court, therefore, temporarily lifts the stay to consider whether the Judgment is void due to the absence of service.

"A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) (citing Fed. R. Civ. P. 60(b)(4)). Defendant argues that the Judgment is void because he was not properly served. The Court, therefore, finds that Rule 60(b)(4) applies and Defendant's motion is not barred by the one-year limitation that applies to Rule 60(b)(1). The Court further finds that Defendant moved to vacate within a reasonable amount of time because he sought representation from counsel immediately upon learning of the Judgment and counsel moved expediently thereafter, filing the instant motion one day after undertaking the representation of Defendant. *See* Vomacka Cert. ¶

33; Caldwell Cert. ¶¶ 8–12; *see also United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) ("[N]o passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion.").

The only remaining question before the Court is whether the record indicates that Defendant was properly served. The record reflects that the U.S. Marshals had difficulty in executing service upon Defendant. The Marshals first attempted unsuccessfully to serve Defendant on June 4, 2012, learning that Defendant no longer worked at the Department of Corrections. *See* ECF No. 22. On November 3, 2014, in response to the Court's previous order, the Marshals filed a report, detailing unsuccessful efforts to obtain Defendant's address and serve him. *See* ECF No. 36.

Finally, on February 3, 2015, a summons was filed that, according to Plaintiff, indicates successful service of Defendant on December 12, 2014, at 1:18 p.m. *See* ECF No. 39. The Court does not find that the summons so indicates. Upon further scrutiny, the Court notes that the summons is incomplete. First, Defendant's address is not recorded anywhere on the document. Second, the serving Marshal recorded date, time and signature, but failed to confirm whether Defendant was or was not served. Given the aforementioned difficulties, the absence of such confirmation calls into great doubt whether Defendant was, in fact, properly served. In the light of the Third Circuit's preference for decisions on the merits, the Court finds that such doubt favors setting aside the default and vacating the Judgment to afford Defendant an opportunity to defend himself against Plaintiff's allegations. *See Tover*, 189 F.2d at 245 ("Any doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on their merits."). Accordingly, Defendant's motion is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to set aside the entry of default and vacate the judgment is **GRANTED**. An appropriate order follows.

                                          */s/ William J. Martini*
                                     **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 18, 2018**