UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>Plaintiff,<br><br>v.<br><br>COREY D. CALDWELL, JOHN DOES 1-20, AND JANE DOES 1-20,<br><br>Defendants. | Civ. No. 2:09-cv-5652 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

Presently before the Court is Defendant Corey Caldwell's motion to dismiss the Second Amended Complaint. ECF No. 95. For the reasons stated below, the motion is **GRANTED in part** and **DENIED in part**.

### I.   BACKGROUND

Twelve years ago, on November 5, 2009, *pro se* Plaintiff Joseph Aruanno ("Aruanno") initiated this civil action based on an alleged assault by Defendant Corey Caldwell ("Caldwell"). *See generally*, Compl., ECF No. 1; Am. Compl., ECF No. 6. Aruanno, a civilly committed inmate at the Special Treatment Unit ("STU") in Avenel, New Jersey, claimed that on September 17, 2009, Caldwell, a former officer with the New Jersey Department of Corrections, entered Aruanno's cell and attacked him, punching and kicking him and threatening to kill him. Am. Compl. at 1, ECF No. 6. By way of Opinion and Order dated June 8, 2011, this Court, pursuant to its authority under 28 U.S.C. § 1915(e)(2), screened Aruanno's Amended Complaint, found he adequately asserted a 42 U.S.C. § 1983 excessive force claim against Caldwell, and allowed the Amended Complaint to proceed on this claim alone. Op. at 12, ECF No. 9.

Thereafter, this case became mired in procedural issues and disputes. The United States Marshals Service ("USMS") attempted to serve Caldwell on November 4, 2011, and again on June 4, 2012, but was unsuccessful because Caldwell was no longer employed with the Department of Corrections. *See* ECF Nos. 14, 22. Pursuant to a Court Order, the USMS filed a report on November 3, 2014, detailing its unsuccessful efforts to determine Caldwell's last known mailing address or residence. *See* ECF No. 36. On February 3, 2015, a summons was filed that, according to Aruanno, indicated successful service of

Defendant on December 12, 2014. *See* ECF No. 39. While the Court later determined that the Process Receipt was erroneously docketed to reflect the summons had been executed, *see* Op. at 3, ECF No. 85, Aruanno requested and was granted a Clerk's entry of default against Caldwell on February 20, 2015. *See* ECF No. 40. He subsequently moved for default judgment. *See* ECF No. 42. Following a proof hearing on April 23, 2015, this Court granted the motion and entered a default judgment against Caldwell on April 30, 2015, in the sum of $5,000 for use of excessive force in violation of 42 U.S.C. § 1983. *See* ECF Nos. 44, 45.

In May of 2015 and October of 2016, Aruanno filed two appeals with the United States Court of Appeals for the Third Circuit related to the judgment and its enforcement. *See* ECF No. 47, 59. The Third Circuit affirmed the judgment, *see* ECF No. 51, but later remanded the case for further proceedings on issues surrounding the satisfaction of the judgment. *See* ECF No. 63. The Court consequently reopened this action on June 20, 2017, and appointed *pro bono* counsel for the limited purpose of assisting Aruanno in seeking satisfaction of the judgment. *See* ECF No. 64. Three months later, on September 28, 2017, the Court Ordered this matter stayed upon learning of Caldwell's pending bankruptcy proceedings. *See* ECF No. 72.

On April 6, 2018, Caldwell entered an appearance in this case and promptly moved to vacate the default judgment, arguing that he had never been served with the Complaint and had first learned of this case on February 21, 2018. *See* ECF Nos. 77, 78. By way of Opinion and Order dated May 18, 2018, this Court granted the motion and vacated the judgment, finding that further scrutiny of the summons filed on February 3, 2015, "call[ed] into great doubt whether [Caldwell] was, in fact, properly served." Op. at 3, ECF No. 85. Thereafter, the parties allegedly made good faith efforts to negotiate a settlement but were unsuccessful. *See* ECF No. 88 at 2. Caldwell's bankruptcy proceedings eventually closed on November 8, 2019. Def. Br. at 3, ECF No. 95-1.

On August 6, 2021, with this Court's permission and Caldwell's consent, Aruanno filed a Second Amended Complaint ("SAC"), drafted with the assistance of appointed counsel to more particularly describe the incident in the original and Amended Complaints. SAC, ECF No. 92. Caldwell now moves to dismiss the SAC on various grounds pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). Def. Br., ECF No. 95-1. Aruanno, proceeding *pro se* at this juncture,[1] filed an opposition to the

---

[1] The Court granted appointed counsel's motion to withdraw from this matter on September 9, 2021, noting that counsel had originally been appointed for the limited purpose of assisting Aruanno in seeking satisfaction of the default judgment, and had generously exceeded that limited scope by assisting him in drafting the SAC. *See* ECF No. 96. To the extent Aruanno requests the Court appoint new *pro bono* counsel to represent him for the duration of this case, *see* ECF No. 103, that request is hereby denied. In exercising its discretion to appoint counsel, district courts weigh specific factors, including the litigant's ability to present his or her own case and the difficulty of the particular legal issues. *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993). Aruanno, a prolific *pro se* litigant, has demonstrated an ability to

2

motion, to which Caldwell did not reply. Pl. Opp. Br., ECF No. 103. The Court addresses each of Caldwell's arguments for dismissal in turn.

## II.  DISCUSSION

The SAC alleges four counts against Caldwell: (i) "damages resulting from personal injuries caused by Caldwell's intentional battery" (First Count); (ii) "punitive damages arising out of Caldwell's intentional battery during the 2009 attack" (Second Count); (iii) "compensatory damages resulting from Plaintiff's stolen property and lost wages" (Third Count); (iv) "John Does" (Fourth Count); and (v) "award of attorneys' fees and costs" (Fifth Count). SAC ¶¶ 81-102, ECF No. 92 (capitalization altered).

First, Caldwell argues the SAC must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Def. Br. at 15-16, ECF No. 95-1. He argues Aruanno brings his claims under a New Jersey common law theory of battery, in the absence of any federal question. *Id.* Since this case's inception twelve years ago, however, this case has proceeded against Caldwell on a 42 U.S.C. § 1983 claim for excessive force. The SAC may use the phrasing "intentional battery," and may not directly state a violation of a particular federal right, but it nonetheless asserts that the claims are brought "pursuant to 42 U.S.C. § 1983, inasmuch as this action arises under the laws of the United States according to 28 U.S.C. § 1331." SAC ¶ 4, ECF No. 92. Moreover, the Court granted Aruanno's request to file the SAC precisely because of appointed counsel's representations that "[i]t presents no new allegations" and "is essentially a more polished version of the Original Complaint." *See* ECF No. 88 at 3. The Court therefore interprets Aruanno's claims, as it has done for the pendency of this protracted litigation, to be a claim under 42 U.S.C. § 1983 for excessive force.[2] To determine otherwise at this juncture, or to allow Aruanno, once again proceeding *pro se*, to amend the SAC to clarify his claims further, would only waste the parties' time and judicial resources, and hamper this litigation from finally moving forward on the merits. Accordingly, the Court is satisfied it has subject matter jurisdiction over Aruanno's present claims.

Second, Caldwell argues the SAC must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for failure to effectuate proper service of the summons and Complaint. Def. Br. at 14-15, ECF No. 95-1. As discussed in the preceding section, the record reflects that service of process in this matter has been a tortuous

---

adequately present his case here, as evidenced by his many requests for various relief, his responses to Court Orders, and his two appeals to the Third Circuit. Additionally, the Court does not find his excessive force claim to be so complex to undermine his ability to litigate it. His informal request for the appointment of *pro bono* counsel, ECF No. 103, is therefore denied.

[2] In light of this conclusion, Caldwell's argument that any common law claims are barred as a result of Aruanno's failure to comply with, or plead compliance with, the New Jersey Tort Claims Act, is moot. *See* Def. Br. at 6-8, ECF No. 95-1.

3

endeavor—for Aruanno, even with the assistance of appointed counsel; for the USMS; and for Caldwell, whose counsel undertook reasonable but unsuccessful efforts in April of 2018 to obtain clarification concerning service. *See, e.g.*, Vomacka Cert. at ¶¶ 34-36, ECF No. 78-1. Even now, the Court cannot conclude from a review of the docket that Caldwell has ever been properly served with a copy of the summons and operative complaint.

"Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). "[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Id.*; *see Manning v. Hudson Cty.*, No. 17-3450, 2018 WL 3601228, at *2 (D.N.J. July 27, 2018) (declining to dismiss the complaint for failure to effectuate proper service and providing plaintiff with additional time to properly serve defendant); *Bright v. Tyson*, No. 15-8038, 2016 WL 3219876, at *3 (D.N.J. June 6, 2016) (same). Given the circumstances of this case, and finding no suggestion that service cannot be successfully obtained at this time, the Court will permit Aruanno to make a new attempt at proper service on Caldwell. Aruanno is entitled to service by the USMS pursuant to 28 U.S.C. § 1915(d); thus, the Court will direct the USMS to undertake reasonable efforts to ascertain, in confidence, the current address at which to serve Caldwell, after which a summons shall issue and the USMS shall serve the summons and a copy of the SAC according to one of the permissible methods of service set forth in Federal Rule of Civil Procedure 4(e) within a reasonable amount of time.

Caldwell next argues, to the extent the SAC's claims seek to recover for acts that allegedly occurred after September 17, 2009, the claims are time-barred under the applicable statutes of limitations and must be dismissed. Def. Br. at 8-12, ECF No. 95-1. From the outset, this litigation has proceeded based on the 42 U.S.C. § 1983 excessive force claim specifically arising from the alleged assault on September 17, 2009. While the SAC details additional alleged assaults by Caldwell that occurred in January of 2010 and in July or August of 2010—allegations that Aruanno did not raise in his prior pleadings— the SAC's First and Second Counts seek to recover only for those acts concerning the September 17, 2009 incident. *See* SAC ¶¶ 63-102, ECF No. 92. Caldwell's statute of limitations argument as to these two Counts is therefore moot.

Caldwell's statute of limitations argument as to the Third Count, however, prevails. *See* Def. Br. at 9, ECF No. 95-1. The Third Count seeks money damages for Caldwell's alleged theft of Aruanno's personal belongings during or after the 2009 incident. SAC ¶¶ 93-97, ECF No. 92. Setting aside the issue that the SAC and Aruanno's prior pleadings lack factual allegations that describe the theft and give rise to a cognizable claim for relief, the Court assumes that the Third Count is grounded in common law conversion. A conversion claim is subject to a six-year statute of limitations under N.J. Stat. Ann. §

4

2A:14–1. Aruanno's newly raised conversion claim stemming from the 2009 incident is plainly time-barred, and has been for several years. The Court therefore dismisses the Third Count with prejudice.

Finally, Caldwell argues that the SAC's Fourth Count for "John Does" and Fifth Count for "Attorneys' Fees and Costs" must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Def. Br. at 12-14, ECF No. 95-1. The Court agrees. The Fourth Count does not set forth an independent cause of action. It states that "[a]lthough the Plaintiff believes the acts complained of were performed or caused by Caldwell . . . . all acts or actions taken by Caldwell in the above Counts and paragraphs should . . . be read to potentially cover any acts or actions taken by these fictitious person(s)." SAC ¶¶ 99-100, ECF No. 92. The Fifth Count similarly does not set forth an independent cause of action. It is merely a request for attorneys' fees and costs, a remedy incidental to the surviving substantive claims and already requested in the prayer for relief. *See, e.g., Myers v. Advanced Stores Co. Inc.*, No. 19-18183, 2020 WL 2744632, at *6 (D.N.J. May 27, 2020) (dismissing plaintiff's independent cause of action for equitable remedies). The Fourth and Fifth Counts are therefore dismissed with prejudice.

### III.   CONCLUSION

For the reasons stated above, Caldwell's motion to dismiss the Second Amended Complaint, ECF No. 95, is **GRANTED in part** and **DENIED in part**. The Third, Fourth, and Fifth Counts are **DISMISSED with prejudice**. The First and Second Counts for compensatory and punitive damages arising from the alleged September 17, 2009 assault shall proceed as the 42 U.S.C. § 1983 excessive force claim.

An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: February 16, 2022