UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH ARUANNO,

    Plaintiff,

v.

COREY D. CALDWELL,

    Defendant.

No. 2:09-cv-5652 (WJM)

ORDER

### WILLIAM J. MARTINI, U.S.D.J.

**THIS MATTER** having come before the Court upon *pro se* Plaintiff Joseph Aruanno's ("Aruanno") Motion for Reconsideration, ECF No. 112, of this Court's February 16, 2022 Opinion, ECF No. 107, granting in part and denying in part Defendant Corey Caldwell's ("Caldwell") Motion to Dismiss the Second Amended Complaint, and the Court having reviewed the parties' submissions in support of and in opposition to the Motion for Reconsideration, ECF Nos. 112, 113, 114;[1] and

**WHEREAS** a party moving for reconsideration must file its motion within fourteen days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). "A motion for reconsideration is 'an extremely limited procedural vehicle' which is to be granted 'sparingly.'" *Brady v. Twp. of Woodbridge*, No. 19-17868, 2022 WL 111060, at *1 (D.N.J. Jan. 12, 2022) (quoting *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000)); and

**WHEREAS** a motion to reconsider is only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the [C]ourt [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision, or attempts "to relitigate

---

[1] On August 6, 2021, with this Court's permission and Caldwell's consent, Aruanno filed a Second Amended Complaint drafted with the assistance of appointed counsel to more particularly describe the underlying alleged assault. *See* ECF Nos. 91, 92. The Court summarized the Second Amended Complaint's factual allegations and this case's procedural history in its February 16, 2022 Opinion and does not repeat them here.

old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order," are not appropriates bases on which to bring a motion for reconsideration. *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019); and

**WHEREAS** on the present motion, Aruanno argues that (1) the Court should reinstate the claims in the Second Amended Complaint that are premised on additional alleged assaults by Caldwell in 2010; (2) the Court should reinstate the independent cause of action against John Does because unidentified individuals joined Caldwell in the initial alleged assault in 2009; and (3) the Court should have analyzed the claim for money damages for Caldwell's alleged theft of his personal belongings during the 2009 assault as a due process claim and not as a common law conversion claim. Pl. Mov. Br. at 1-3, ECF No. 112;[2] and

**WHEREAS** such arguments are not based on any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Opinion, or an error of fact or law that the Court overlooked and, if left uncorrected, would result in manifest injustice. Instead, Aruanno seeks to relitigate the issues addressed in the Court's prior Opinion, raise a new legal theory concerning the alleged theft of his personal property, and expand the scope of his claims in this twelve-year-old case, none of which are appropriate grounds that warrant reconsideration of the Court's February 16, 2022 Opinion;

Accordingly, **IT IS** on this 23rd day of May 2022,

**ORDERED** that Aruanno's Motion for Reconsideration, ECF No. 112, is **DENIED**.

WILLIAM J. MARTINI, U.S.D.J.

Date: May 23rd 2022

---

[2] Although Aruanno filed his Motion out-of-time on March 14, 2022, twenty-six days after the Court entered its Opinion on February 16, 2022, the Court will exercise its discretion and consider the Motion in light of his *pro se* status and his representation that he placed the Motion in his institution's mailbox on March 2, 2022, within Local Civil Rule 7.1(i)'s fourteen-day window. *See Ramsey v. Attorney Gen. of the State of N.J.*, No. 19-1978, 2020 WL 7396290, at *3 (D.N.J. Dec. 16, 2020) ("Considering Petitioner's *pro se* status and his limited access to the law library, the Court will exercise its discretion and consider the out-of-time motion [for reconsideration]."); *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *4 (D.N.J. July 21, 2011) ("A court may relax the timeline for filing a motion for reconsideration to prevent injustice where a *pro se* litigant is involved.").