**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSEPH ARUANNO,** | |
| **Plaintiff,** | **Civil Action No. 2:09-cv-05652-WJM-CLW** |
| **v.** | |
| **COREY D. CALDWELL, *et al*.,** | **OPINION AND ORDER** |
| **Defendants.** | **FILED UNDER SEAL**[1] |

## I.    Introduction

This matter is before the Court on the motion of *pro se* plaintiff Joseph Aruanno ("Plaintiff") for the appointment of *pro bono* counsel, ECF No. 127, which has been referred to the undersigned by the Honorable William J. Martini. For the reasons stated below, Plaintiff's motion is **DENIED**.

## II.    Background

As the parties are aware, this § 1983 excessive force action has been pending for some time; the Court will recount its history briefly and only as immediately relevant. After dismissing Plaintiff's original complaint without prejudice, Judge Martini dismissed Plaintiff's amended complaint as against three named defendants but permitted Plaintiff's claims against defendant Caldwell to proceed. ECF No. 3, 4, 9, 10. Plaintiff then moved for appointment of *pro bono* counsel; Judge Martini denied that motion without prejudice on the grounds that "[f]irst, Plaintiff has demonstrated an ability to present his case. After his initial Complaint was dismissed, he filed an Amended Complaint that withstood dismissal against Officer Caldwell. Second, the legal issues

---

[1] This Opinion and Order have been filed under seal because they reference filings which remain sealed on the Court docket. *See* ECF No. 94. By May 15, 2023, the parties shall inform the Court in writing as to which portions, if any, of this Opinion and Order should remain under seal and the legal basis for doing so. If the Court does not receive any such submission, then the Opinion and Order will be unsealed.

associated with service are not so difficult as to require counsel in this case. Third, no expert witnesses are called for at this time." ECF No. 29 at 2. Plaintiff then obtained a $5,000 default judgment against Caldwell. ECF No. 45. He appealed this judgement, the dismissal of claims against the other defendants, and the denial of *pro bono* representation. ECF No. 47. The Third Circuit upheld all three judgments, expressly noting its agreement with Judge Martini's rationales for denying *pro bono*. ECF No. 51; 51-1 at, *e.g.*, 4.

More motion and appellate practice ensued, culminating in a Third Circuit remand order. ECF No. 52-54, 56, 57, 59, 63. On remand, Judge Martini reopened the case and assigned *pro bono* counsel "for the limited purpose of assisting Plaintiff in seeking satisfaction of the default judgment." ECF No. 64, 65. Caldwell then successfully moved to vacate the default. ECF No. 85, 86. With the assistance of *pro bono* counsel, Plaintiff moved to file a second amended complaint comprising "a more polished version of the Original Complaint that was initially brought by Plaintiff on a *pro se* basis." ECF No. 88. Judge Martini granted this motion. ECF No. 91.

Shortly thereafter, Plaintiff's *pro bono* counsel filed a motion to withdraw from representation. ECF No. 94. The motion proceeded on the grounds that throughout the four-plus years of the firm's engagement, Plaintiff was "assigned more than five (5) attorneys, all of whom have endured substantial difficulties and disagreement with Mr. Aruanno concerning litigation strategy. Unfortunately, despite hundreds of hours of time invested in this case, Mr. Aruanno's desire to expand the scope of Connell Foley's representation and use the Firm as a vehicle to file frivolous claims persists." *Id.* at 1; *see id.* at 2-6 (detailing counsel's difficulties in representing Plaintiff). Judge Martini granted the motion to withdraw, noting "the limited scope of [counsel's] appointment, and . . . the significant deterioration in the attorney-client relationship after months of substantial disagreements over litigation strategy," as well as that "*pro bono* Counsel not only

diligently worked on Plaintiff's behalf to attempt to satisfy the judgment, but also undertook efforts to negotiate a settlement and draft and file an Amended Complaint, generously exceeding the limited scope for which they were originally appointed". ECF No. 96.

Around the same time, Caldwell moved to dismiss the amended complaint. ECF No. 95. Plaintiff opposed the motion, which Judge Martini granted in part and denied in part. ECF No. 103, 107-08. In that decision, Judge Martini denied Plaintiff's informal request for new *pro bono* representation for the duration of the case. He reasoned that "Aruanno, a prolific *pro se* litigant, has demonstrated an ability to adequately present his case here, as evidenced by his many requests for various relief, his responses to Court Orders, and his two appeals to the Third Circuit. Additionally, the Court does not find his excessive force claim to be so complex to undermine his ability to litigate it." ECF No. 107 at 2-3 n.1. Plaintiff filed a motion for reconsideration, which was denied, as was a subsequent appeal. ECF No. 112, 116, 119, 125. The instant motion followed.

### III.    Legal Standard

It is settled that there is no constitutional right to counsel in a civil action. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, the Court may request — though not require — an attorney to represent a civil litigant. *Id.* (citing 28 U.S.C. § 1915(e)(1)). Although the Court has broad discretion to determine whether the appointment of counsel in a civil matter is appropriate, the Court "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity". *Id.* at 499 (citing *Parham*, 126 F.3d at 458).

To determine whether to appoint counsel for an indigent litigant in a civil case, the Court first must make a threshold assessment of the merits of the case to determine whether there is "some arguable merit in fact and law." *Id.* at 498-99 (quoting *Parham*, 126 F.3d at 457; citing

*Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)); *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (same). If some such merit is found, the Court should then consider: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Tabron*, 6 F.3d at 155-57 and n.5. Courts will only appoint *pro bono* counsel where most of these factors are met. *Krider v. Heron*, 2007 U.S. Dist. LEXIS 57432, at *3 (D.N.J. Aug. 3, 2007) (citing *Parham*, 126 F.3d at 461).

**IV.    <u>Analysis</u>**

Concerning the threshold issue, the Court finds Plaintiff has presented "some arguable merit in fact and law." As noted, while some portions of Plaintiff's second amended complaint were dismissed upon Caldwell's motion, Plaintiff's first two claims survived. *See* ECF No. 107-08.

The Court therefore proceeds to the *Tabron* factors. As to the first factor, the record amply reflects, as Judge Martini repeatedly has observed, that Plaintiff has "demonstrated an ability to adequately present his case". *See* ECF No. 29 at 2; 107 at 2-3 n.1. Plaintiff does not present any contrary evidence indicating that he is incompetent, illiterate, or insufficiently educated to state his claims, and his numerous filings in this case and others suggest that he is sufficiently literate and competent. Moreover, Plaintiff's lack of legal training is common to *pro se* litigants and insufficient to warrant appointment of counsel. *See <u>Krider</u>*, 2007 U.S. Dist. LEXIS 57432, at *5. Judge Martini likewise has concluded that Plaintiff's claim is not "so complex to undermine his ability to litigate it." ECF No. 107 at 3 n.1.

Plaintiff's present arguments are primarily grounded in claimed obstacles to prosecuting his case; namely, his incarceration, lack of access to the prison law library, lack of funds, and medical issues. *See* ECF No. 127 at 1-4. These considerations do not tip the scales in Plaintiff's favor. *See, e.g.*, *Lasko v. Watts*, 373 F. App'x 196, 201 (3d Cir. 2010) (upholding decision to deny *pro bono* where district court "acknowledged that Lasko suffered from serious medical issues that may limit his ability to represent himself, but found that despite 'the many physical difficulties under which Lasko operates,' the record is 'amazingly full and complete of examples of Lasko's ability to file motions, discovery, briefs, and exhibits relevant to this case'"); *Abulkhair v. United States Postal Serv.*, 2014 U.S. Dist. LEXIS 55756, at *7 (D.N.J. Apr. 21, 2014) ("[T]he mere fact that plaintiff is incarcerated does not necessarily require the appointment of counsel.") (citing cases); *Clinton v. Jersey City Police Dep't*, 2009 U.S. Dist. LEXIS 64464, at *5 n.4 (D.N.J. July 23, 2009) ("[L]imited access to the law library does not warrant the appointment of counsel . . . ."); <u>*Krider*</u>, 2007 U.S. Dist. LEXIS 57432, at *6-7 (where fact discovery involves obtaining information from interrogatories and documents, such as prison and medical records, plaintiff may engage in discovery without counsel). And while the fact that Plaintiff qualified for IFP status, ECF No. 4, indicates that he cannot afford representation, this factor alone does not justify appointment of counsel. *See, e.g.*, *Christy v. Robinson*, 216 F. Supp. 2d 398, 410-11 (D.N.J. 2002) (denying application for counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel").[2]

Finally, the Court must consider Plaintiff's prior *pro bono* representation in this case. As noted above, this history is marked by considerable acrimony — between Plaintiff and five individual attorneys — and the expenditure of substantial attorney hours in connection with an

---

[2] Plaintiff's application does not reference credibility determinations or the need for expert testimony, and the Court cannot draw any inferences as to such matters.

extremely modest scope of representation, ultimately culminating in counsel being forced to move to withdraw. As observed in *Still v. Lion Brewery, Inc.*, 2020 U.S. Dist. LEXIS 138320 (M.D. Pa. Aug. 3, 2020), a "significant factor we must consider is whether the plaintiff has shown an ability in the past to cooperate with counsel. Thus, where prior counsel has withdrawn from representation, this factor cautions against the appointment of *pro bono* counsel". *Id.* at *14-15; *see also Brown v. Dep't of Corr.*, 2021 U.S. Dist. LEXIS 26979, at *6-7 (M.D. Pa. Feb. 12, 2021) (denying *pro bono* where "Brown's acrimonious history with her prior counsel indicates that Brown wishes to be the architect of her case and may not be amenable to the advice of counsel when that advice conflicts with her own predilections"); *cf. Tabron*, 6 F.3d at 157 n.7 (noting "the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, [and] excessive demands and complaints . . . . We trust that district judges will be sensitive to such problems in making discretionary decisions in this area."). As noted above, the Third Circuit has repeatedly observed that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity". *Montgomery*, *supra*; Given the history of Plaintiff's dealings with his prior *pro bono* counsel, the Court is unconvinced that appointment of new counsel would be a judicious use of volunteer lawyer time.

## V.  Conclusion and Order

As the relevant factors weigh against the appointment of counsel, Plaintiff's application for appointment of *pro bono* counsel (ECF No. 127) is **DENIED**. The Clerk of the Court is kindly requested to mail a copy of this Opinion and Order to Plaintiff via first class mail.

Dated: April 27, 2023

                                        */s/ Cathy L Waldor*
                                        Cathy L. Waldor, U.S.M.J.