UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>Plaintiff,<br><br>v.<br><br>COREY D. CALDWELL, *et al.*,<br><br>Defendants. | **Civil Action No. 2:09-cv-05652-WJM-CLW**<br><br>**OPINION AND ORDER**<br><br>**FILED UNDER SEAL**[1] |

This matter is before the Court on the motion of *pro se* plaintiff Joseph Aruanno ("Plaintiff") seeking reconsideration of the Court's April 27, 2023 order (the "Order") denying Plaintiff's motion for appointment of *pro bono* counsel. ECF No. 127, 135, 136. The motion has been referred to the undersigned by the Honorable William J. Martini and the Court decides it without oral argument per FED. R. CIV. P. 78(b) and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion is **DENIED**.

Reconsideration requires "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on the underlying motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)) (emphasis removed). "[R]econsideration is an extraordinary remedy, that is granted 'very sparingly'". *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l,*

---

[1] This Opinion and Order have been filed under seal because they reference filings which remain sealed on the Court docket. *See* ECF No. 94. By September 8, 2023, the parties shall inform the Court in writing as to which portions, if any, of this Opinion and Order should remain under seal and the legal basis for doing so. If the Court does not receive any such submission, then the Opinion and Order will be unsealed.

*Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)). Although not stated by Plaintiff, his motion appears to rely on the third enumerated prong.

A motion for reconsideration is "not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Shanahan v. Diocese of Camden*, 2014 U.S. Dist. LEXIS 37994, at *5-6 (D.N.J. Mar. 21, 2014) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)) (emphasis removed). Litigants likewise "cannot use a motion for reconsideration to rehash issues and arguments that have been ruled upon." *Kahan v. Slippery Rock Univ. of Pa.*, 2014 U.S. Dist. LEXIS 171297, at *32 (W.D. Pa. Dec. 11, 2014) (citing *Keyes v. National R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. Apr. 4, 1991)).

Plaintiff provides no grounds to warrant reconsideration of the Order. First, with very minor exception, he does not reference any of the *Tabron* factors underlying the Court's prior decision. *See* Order at 4 (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). He briefly discusses the Third Circuit's directive for appointment of *pro bono* counsel and the history of his prior *pro bono* representation but does nothing to disturb the Court's conclusion that "[g]iven the history of Plaintiff's dealings with his prior *pro bono* counsel, the Court is unconvinced that appointment of new counsel would be a judicious use of volunteer lawyer time." *Id.* at 6. Plaintiff rehashes arguments concerning difficulties with service that have been rejected, are belied by evidence of successful service, *see* ECF No. 22, 39, and are likely moot at this stage in the case. His contention that he has been denied access to the law library, including "[n]o typewriters," is undercut by the typewritten motion itself. Plaintiff vaguely references the need for expert witnesses, but as previously observed by Judge Martini (and still true), "no expert witnesses are called for at this time." ECF No. 29 at 2. Finally, Plaintiff's incapacitation, health issues, and

complaints with Defendants' alleged conduct in discovery are not grounds for appointment of counsel.

Plaintiff accordingly fails to clear the high bar for reconsideration or that for appointment of *pro bono* counsel, and certainly not both. His motion for reconsideration (ECF No. 136) is therefore **DENIED**.

The Clerk of the Court is kindly requested to mail a copy of this Opinion and Order to Plaintiff via first class mail.

Dated: August 8, 2023

*s/ Cathy L. Waldor*<br>Cathy L. Waldor, U.S.M.J.